**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

NOV 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD GLENN ESTES,

               Petitioner-Appellant,

   v.

RENEE BAKER, Warden and ATTORNEY GENERAL FOR THE STATE OF NEVADA,

               Respondents-Appellees.

No.   17-16624

D.C. No. 3:13-cv-00072-MMD-WGC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted November 19, 2018[**]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges

Nevada state prisoner Donald Glenn Estes appeals the district court's

judgment denying his 28 U.S.C. § 2254 habeas petition.  We have jurisdiction

under 28 U.S.C. §§1291 and 2253.  We review de novo the denial of a habeas

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

corpus petition, *see Fairbank v. Ayers*, 650 F.3d 1243, 1250 (9th Cir. 2011), and we affirm.

Estes contends that his Fifth and Fourteenth Amendment rights were violated when, after he presented an insanity defense, the trial court allowed the State to introduce rebuttal testimony from witnesses who observed him during his court-ordered competency evaluation. The district court properly denied habeas relief because the Nevada Supreme Court's rejection of his claim was not contrary to, or an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in state court. *See* 28 U.S.C. § 2254(d); *Buchanan v. Kentucky*, 483 U.S. 402 (1987) (holding that evidence obtained in the course of a pre-trial psychiatric evaluation can be introduced at trial to rebut the defendant's insanity defense, so long as the evidence does not include incriminating information regarding the facts of the crime).

**AFFIRMED**.[1]

---

[1]  Counsel for the appellee is admonished to provide accurate page references on his Table of Cases and Authorities for the cases on which he relies. For example, Kansas v. Cheever is nowhere to be found on either page 15 or 20. This inaccuracy is not the only mistake.